UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 18-3015** |
| ) | |
| **ONE PAINTING ENTITLED "SECRET** ) | |
| **DEPARTURE OF IVAN THE TERRIBLE** ) | |
| **BEFORE THE OPRICHINA,"** ) | |
| ) | |
| **Defendant.** ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, Plaintiff the United States of America, by and through the United States

Attorney for the District of Columbia, and brings this Verified Complaint for Forfeiture *in Rem*

against the defendant property, namely: one oil painting entitled "Secret Departure of Ivan the

Terrible Before the Oprichina" by Mikhail N. Panin (the "Defendant Property"), which is depicted

in Attachment A.  The United States alleges as follows in accordance with Rule G(2) of the Federal

Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions:

### THE DEFENDANT PROPERTY

1.     The Defendant Property is a Mikhail N. Panin oil painting entitled "Secret

Departure of Ivan the Terrible Before the Oprichina." The Defendant Property is in the possession

of the Federal Bureau of Investigation ("FBI").

### NATURE OF ACTION AND THE DEFENDANT IN REM

2.     This *in rem* forfeiture action arises out of an investigation by the FBI into the theft

of the Defendant Property stolen during the Second World War.  The Defendant Property was

subsequently transported in interstate commerce in violation of 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property) and 18 U.S.C. § 2315 (Possession of Stolen Goods).

3.      The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from the proceeds of the interstate transportation of stolen property and possession of stolen goods and 28 U.S.C. § 2461, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 2314 and 2315.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

5.      Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the District of Columbia.

## FACTS GIVING RISE TO FORFEITURE

**I.      Exchange of the Defendant Property**

6.      Person 1 and Person 2 are a married couple residing in Maine.  In 1987, Person 1 purchased a home in Ridgefield, Connecticut.   The Defendant Property, which measures approximately 7.5 feet by 8.5 feet, conveyed with the home.

7.      Owner 1 purchased the home from a married couple, Person 3 and Person 4, who had purchased the home in 1962 from Person 5.

8.      At the time of the 1962 conveyance of the home, the Defendant Property conveyed with the house from Person 5 to Person 3 and Person 4.

9.      Person 5 was a Swiss citizen who emigrated to the United States in 1946.  After purchasing the home from Person 5 in 1962, Person 3 and Person 4 located a certificate in the attic

of the house commemorating Person 5's service in the Swiss Army during the Second World War.

Person 5 passed away in 1986.

10.     In 2017, Person 1 and Person 2 consigned the Defendant Property for auction.

## II.     Attempted Sale of the Defendant Property

11.     In 2017, the Defendant Property traveled to the Washington, D.C. metropolitan area for the attempted sale of the Defendant Property.  Person 1 and Person 2 hired a company to transport the Defendant Property due to the size and physical condition of the painting.

12.     The Defendant Property was scheduled to be auctioned on November 18, 2017 and was published in the auction's house catalogue.

13.     On November 17, 2017, an employee of the auction house received an email from the Dnepropetrovsk State Art Museum.  The email stated, in part:

> Attention! Painting "Ivan the Terrible" was in the collection of the Dnepropetrovsk Art Museum until 1941 and was stolen during the Second World War.  The museum documentation confirms this fact.  Please stop selling this painting at auction!!!  According the international rules of restitution of stolen works of art, the picture should return to Ukraine.

14.     On December 29, 2017, the auction house received a further email from the Director of the Dnepropetrovsk State Art Museum stating, in part:

> The painting of Mikhail Panin (1877-1963) "Ivan the Terrible" dated of 1911 was a diploma work of the artist, was transferred from the St. Petersburg Academy of Arts in 1913 to the collection of Ekaterinoslav City Art Museum (today the Dnepropetrovsk Art Museum), was among the 64 exhibits that compiled the first museum exposition in 1914, was exhibited at the permanent exhibition of the museum until 1941 and disappeared during the occupation of the city during the Second World War.  We have black-white photos and documents of the museum's funds [sic].

15.     Law enforcement obtained records from the Embassy of Ukraine in Washington, D.C., which provided supporting documentation regarding the authenticity of the Defendant Property.

16. Law enforcement subsequently seized the defendant property for violations of the above statutes.

17. Law enforcement has contacted Person 1 and Person 2 regarding the sale of the Defendant Property. Person 1 and Person 2 have agreed to waive any claim to the Defendant Property, and have agreed that it should be returned to the Government of Ukraine.

## FIRST CLAIM FOR RELIEF
### (18 U.S.C. § 981(A)(1)(C))
### (Proceeds of the Interstate Transportation of Stolen Property, 18 U.S.C. § 2314)

18. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 17 above as if fully set forth herein.

19. The Defendant Property, which was valued at more than $5,000, was transported in interstate commerce after it had been stolen, in violation of 18 U.S.C. § 2314.

20. As such, the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds of the interstate transportation of stolen property.

## SECOND CLAIM FOR RELIEF
### (18 U.S.C. § 981(A)(1)(C))
### (Proceeds of Possession of Stolen Goods, 18 U.S.C. § 2315)

21. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 17 above as if fully set forth herein.

22. The Defendant Property, which was valued at more than $5,000, was possessed after it had been stolen and after it had been moved across state boundaries, in violation of 18 U.S.C. § 2315.

23.     As such, the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds of the possession of stolen goods.

### THIRD CLAIM FOR RELIEF
**(19 U.S.C. § 1595(C)(1))**
**(Unlawful Importation, 19 U.S.C. § 1595(c))**

24.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 17 above as if fully set forth herein.

25.     The Defendant Property is merchandise that was introduced into the United States contrary to law.

26.     As such, the Defendant Property is subject to forfeiture, pursuant to 19 U.S.C. § 1595(c)(1).

***

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that a warrant of arrest *in rem* issue according to law; that judgment be entered declaring that the Defendant Property be forfeited for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: December 20, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

By:        /s/
ZIA M. FARUQUI, D.C. Bar No. 494990
ARVIND K. LAL, D.C. Bar No. 389496
BRIAN HUDAK, N.Y. Bar

Assistant United States Attorneys
555 Fourth Street, NW
Washington, DC 20530
(202) 252-7117

*Attorneys for the United States of America*

## **VERIFICATION**

I, Marc Hess, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct.

Executed on this __20th___ day of December, 2018.


____/s/_____
Marc Hess
Special Agent
Federal Bureau of Investigation

**Attachment A**



**Painting as it appears today**



**Painting as it appeared in Dnepropetrovsk State Art Museum circa 1929**



**Painting as it appeared in Dnepropetrovsk State Art Museum circa 1929**